UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN THE MATTER OF | ) | |
| THE EXTRADITION OF | ) | |
| MICHAEL L. TAYLOR | ) | Case No. 20-mj-1069-DLC |
| | ) | |
| _____ | | |
| | | |
| IN THE MATTER OF | ) | |
| THE EXTRADITION OF | ) | |
| PETER M. TAYLOR | ) | Case No. 20-mj-1070-DLC |
| | ) | |

**DEFENDANTS' EMERGENCY MOTION FOR PRODUCTION OF INFORMATIONAL MATERIALS FROM JAPAN SUPPORTING REQUEST FOR PROVISIONAL ARREST**

Now comes the above-named Defendants, Michael Taylor and Peter Taylor, and move on an *emergency basis* for production of the documentary information provided by the Government of Japan to the United States requesting issuance of provisional arrest warrants in this matter.

According to the "Complaint(s) for Provisional Arrest with a View Towards Extradition" (the "Complaint(s)") filed in each of the above-referenced cases, the Government of Japan has "asked the United States for the provisional arrest of [Michael Taylor and Peter Taylor] …. *Id*. para. 4.  The Complaint(s) further state that according to the "information provided by the Government of Japan," both Defendants have been charged with a violation of Article 103 of the Japanese Penal Code with enabling the escape of Carlos Ghosn. *Id*. at para. 5.

The Defendants have requested a copy of the "information" supplied by the Government of Japan to the United States which is critically relevant to the issue of probable cause for the issuance of the provisional arrest warrants by this Court.  In an email exchange earlier today, Assistant U.S. Attorney Hassink responded to this request as follows: "The government will not be producing the information it received from Japan in support of the provisional arrests.  Under

prevailing case law, the extradition relators are not entitled to discovery." Respectfully, as a matter of law and fairness, the Court should exercise its discretion and order that the requested documents be produced to the Defendants forthwith.

As concisely described by U.S. Magistrate Judge Hennessey in *In re Aguasvivas*, No. 17-mj-4218, 2018 U.S. Dist. LEXIS 125979 (D. Mass. July 27, 2018):

> "[I]t is well-established by case law that [a relator] has no per se constitutional right to discovery." *In re Extradition of Koskotas*, 127 F.R.D. 13, 27 (D. Mass. 1989), aff'd, 931 F.2d 169 (1st Cir. 1991) (quoting *Singh*, 123 F.R.D. at 123-4, 126-7). … Discovery in an extradition proceeding thus is both "discretionary with the court" and "narrow in scope." *Koskotas*, 931 F.2d at 175; see *In re Kraiselburd*, 786 F.2d 1395, 1399 (9th Cir. 1986) (citations omitted) ("[D]iscovery in an international extradition hearing is limited and lies within the discretion of the magistrate."); *Jhirad v. Ferrandina*, 377 F. Supp. 34, 37 (S.D.N.Y. 1974), aff'd, 536 F.2d 478, 484 (2d Cir. 1976) ("[U]nder the traditional extradition standards discovery is limited and discretionary . . . ."); *see also Merino v. U.S. Marshal*, 326 F.2d 5, 12-13 (9th Cir. 1963) (upholding the judicial officer's refusal to authorize depositions). **When allowed, discovery should be tailored to the question whether there exists probable cause for the crimes for which extradition is sought.** *See Kraiselburd*, 786 F.2d at 1399; Singh, 123 F.R.D. at 111 (finding there is no right to discovery in extradition proceedings, but noting that "if discovery is permissible it must be confined to the purpose of the extradition hearing and to the limitation on defendants' proofs").

As the Second Circuit held in *Caltagirone v. Grant*, 629 F. 2d 739 (2d Cir. 1980), in evaluating provisions of the treaty between the United States and Italy, - - which has many similar provisions as contained within the treaty between the United States and Japan[1] - - the government is required to show that probable cause existed for the issuance of a provisional arrest warrant. This is so under the treaty, and under the warrant requirement of the Fourth Amendment (that " …no Warrants shall issue, but upon probable cause.").

Consistent with the foregoing authority, the Defendants are requesting a single but vital piece of information that bears directly on the issue of probable cause. There are issues raised by

---

[1] *See* Bilateral Extradition Treaty with Japan, Articles III and IX(1).

the language of the Complaint(s) that require full and immediate exploration by the defense. Included among these questions are (i) has there in fact been a violation of Article 103 of the Japanese Penal Code by the Defendants, and if so, how are they alleged to have violated this provision? (ii) has Mr. Ghosn been charged with a separate criminal offense for violating his release conditions in Japan?, (iii) what is the "immigration offense" that is alluded to in footnote 1 of the Complaint(s), and (iii) what is the reason why the arrest warrants issued in Japan on January 30, 2020 were "renewed" a month later?   It is essential that the government be required to share with the defense the foundational information forwarded to the United States which provided the basis for Japan's request to arrest.   The Defendants sole interest as this juncture is determining whether probable cause was demonstrated for the issuance of the provisional arrest warrants.  The provisions of the treaty, as well as the Fourth Amendment, "clearly demands a showing of probable cause before any warrant for provisional arrest may issue …" *Caltagirone*, 629 F.2d at 748.

For all the foregoing reasons, the Defendants respectfully request that this motion be allowed, and that the Court direct the government to produce the requested document(s).

By their attorneys,

*/s/  Paul V. Kelly*_____
Paul V. Kelly (BBO No. 267010)
Jackson Lewis, P.C.
75 Park Plaza
Boston, MA  02110
Tel (617) 367-0025
paul.kelly@jacksonlewis.com

**CERTIFICATE OF SERVICE**

I, Paul V. Kelly, that service of this motion was made on the above date by and through the ECF filing system.

*/s/  Paul V. Kelly*_____
Paul V. Kelly

4824-0643-4239, v. 1