| | | |
|---|---|---|
| IN THE MATTER OF | ) | |
| THE EXTRADITION OF | ) | Case No. 20-mj-1069-DLC |
| MICHAEL L. TAYLOR | ) | |
| | ) | |

| | | |
|---|---|---|
| IN THE MATTER OF | ) | |
| THE EXTRADITION OF | ) | Case No. 20-mj-1070-DLC |
| PETER M. TAYLOR | ) | |
| | ) | |

**DEFENDANTS' MOTION TO STRIKE DECLARATION OF NAOKI WATANABE**

Michael L. Taylor and Peter M. Taylor hereby move the Court to strike the so-called "Declaration" of Prosecutor Naoki Watanabe (Doc. 23-2 in No. 20-mj-1069; Doc. 22-2 in No. 20-mj-1070) which the government improperly filed in support of its Opposition (Doc. 23 in No. 20-mj-1069; Doc. 22 in No. 20-mj-1070) to the Taylors' Motions to Quash Arrest Warrants or, in the Alternative, for Release Pending Final Disposition on Request for Extradition (Doc. 17 in both cases). As set forth below, Mr. Watanabe's "Declaration" fails to contain the mandatory verification, under penalty of perjury under the laws of the United States, that his statements are true and correct. Separate and apart from any issue with Mr. Watanabe's credibility[1] or the accuracy and completeness of his assertions (which we will address separately), his "Declaration" is not competent evidence which can be considered by the Court because it utterly fails to meet the express requirements of 28 U.S.C. § 1746. Accordingly, the Court should strike Mr. Watanabe's "Declaration" from the record in this matter.

---

[1] As the lead prosecutor in the case against Carlos Ghosn, Mr. Watanabe cannot claim to be an objective unbiased declarant. Consequently, his statements on the subjects which he addresses are highly suspect and, as we shall demonstrate separately, clearly incorrect. This is all the more reason the prosecutors should have bothered to comply with Federal law on this matter and demonstrates further the hasty and flawed approach taken by the Government it its misguided efforts to deprive U.S. citizens of their liberty.

# ARGUMENT

Federal law permits a party to support, evidence, establish or prove facts by means of an unsworn written declaration, but any such declaration must be subscribed to by the person as true under penalty of perjury, be dated, and be "in substantially the following form:"

> If executed without the United States:  "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on (date).
>
> (Signature)."

28 U.S.C. § 1746(1).  "[C]ompliance with the requirement of 28 U.S.C. § 1746 is mandatory[.]" *Link Treasure Ltd. v. Baby Trend, Inc.*, 809 F. Supp. 2d 1191, 1195 (C.D. Cal. 2011) (sustaining objections to declarations because neither was made under penalty of perjury as required by § 1746).  "Courts considering this statute are in near-universal agreement that an unsworn affidavit must aver that the contents are 'true and correct' and do so 'under penalty of perjury.'" *McGowen v. Four Directions Dev. Corp.*, No. 1:12-CV-00109-JAW, 2014 WL 916366, at *5 (D. Me. Mar. 10, 2014).[2]  As explained by one court,

> The specific words required by section 1746 are not mere formalities; they are "indicia of truthfulness."  *Davenport v. Bd. of Trs. of State Ctr. Cmty. Coll. Dist.*, 654 F. Supp. 2d 1073, 1083 (E.D. Cal. 2009).  A bedrock presumption of our legal system is that the presence of certain words—words that assert the veracity of the

---

[2] *See generally In re World Trade Center Disaster Site Litigation*, 722 F.3d 483, 488 (2d Cir. 2013) ("We hold that 28 U.S.C. § 1746 requires that a certification of the truth of a matter be expressly made under penalty of perjury. Any other result would be contrary to the plain language of the statute...."); *Counts v. Kraton Polymers, U.S. L.L.C.*, 260 Fed. App'x 825, 829 (6th Cir. 2008) (affirming that the district court did not abuse its discretion in striking the undated and unsworn declaration); *Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988) (affirming refusal to consider self-styled "affidavit" that did not contain verification that it was "true and correct" or statement that it was made "under penalty of perjury"); *Knights v. Williams*, No. 02 C 5017, 2005 WL 1838427, at *3 (N.D. Ill. July 28, 2005) ("compliance with 28 U.S.C. § 1746 is mandatory and fundamental, not a 'non-substantive' requirement") (citing *Pfeil v. Rogers*, 757 F.2d 850, 859 (7th Cir. 1985)); *Davis v. Wells Fargo Bank*, 685 F. Supp. 2d 838, 842 (N.D. Ill. 2010) (striking unsigned, unsworn and undated declarations as inadmissible); *Seitz v. Envirotech Sys. Worldwide Inc.*, No. H-02-4782, 2007 WL 1795679, at *4 (S.D. Tex. June 19, 2007) (refusing to consider expert reports not verified under penalty of perjury).

statements made and accept the risk of a specific legal penalty for falsehoods—alert declarants to the gravity of their undertaking and thereby have a meaningful effect on truth-telling and reliability.

*Acosta v. Mezcal, Inc.*, No. CV JKB-17-0931, 2019 WL 2550660, at *2 (D. Md. June 20, 2019).

Exhibit B to the government's brief (Doc. 23-2 in No. 20-mj-1069; Doc. 22-2 in No. 20-mj-1070) is entitled "Declaration" and it purports to be signed by Prosecutor Watanabe, but it does not meet the requirements of § 1746. Neither at the outset nor at the end with his signature, does Mr. Watanabe subscribe that his statements are true and correct under penalty of perjury under the laws of the United States. In the midst of the "Declaration," in paragraph 4, Mr. Watanabe does state that "[t]he facts stated in this declaration are true to the best of my knowledge and belief," but this assertion is not set forth with his signature subscribing thereto. But even if this statement had been included in the proper format, it still would not meet the requirements of § 1746. The statute requires verification that "the foregoing is true and correct." Simply "attesting that 'the above is accurate to the best of my knowledge and belief' is not the same as attesting under oath to the truth of the statement." *Satterwhite v. Dy*, No. C11-528 RAJ, 2012 WL 748287, at *2 (W.D. Wash. Mar. 5, 2012) (striking declarations that merely stated they were accurate "to the best of my knowledge and belief"); *see also Cobell v. Norton*, 310 F. Supp. 2d 77, 84-85 (D.D.C. 2004) (statement based on "knowledge, information and belief" insufficient).

At any rate, nowhere does Mr. Watanabe declare, certify, verify or state that any of the statements in his "Declaration" are true *under penalty of perjury*. Neither does Mr. Watanabe anywhere make any of his statements under penalty of perjury *under the laws of the United States*. Indeed, no attempt whatsoever is made to comply with these requirements of 28 U.S.C. § 1746.

Courts have refused to consider purported declarations that come much closer to the requirements of § 1746 than does Mr. Watanabe's. *See, e.g.*, *In re World Trade Center Disaster Site Litigation*, 722 F.3d 483, 488 (2d Cir. 2013) (rejecting substitution of "subject to punishment" for "under penalty of perjury"); *Nichols v. City of Palm Springs*, No. CV5141553PSGASX, 2015 WL 13357614, at *5 (C.D. Cal. Oct. 21, 2015) (holding declarations inadmissible where they did not state they were made under penalty of perjury and did not include the date they were signed, even though they did "declare the above statements are true and correct to the best of my memory and recollection"), *aff'd sub nom. Nichols v. Fernandez*, 686 F. App'x 532 (9th Cir. 2017); *Aviles v. Quik Pick Express, LLC*, No. CV-15-5214-MWF (AGR), 2015 WL 5601824, at *1–2 (C.D. Cal. Sept. 23, 2015) (holding declarations did not meet requirements of § 1746 even though they promised that the declarant would testify truthfully when called as a witness and placed under and included the notation of "under penalty of perjury," but did not specifically attest that the declaration was true); *Kalra v. United States*, No. 12-CV-3154, 2013 WL 1749385, at *3 (N.D. Ill. Apr. 23, 2013) (striking declaration that lacked specific date); *Knights v. Williams*, No. 02 C 5017, 2005 WL 1838427, at *3 (N.D. Ill. July 28, 2005) (refusing to consider declaration signed by declarant and containing statement that he understood he was subject to penalty of perjury pursuant to 28 U.S.C. § 1746, but where signature block immediately below said statement was left blank).

Accordingly, because it fails to meet the requirements of 28 U.S.C. § 1746, the Taylors respectfully request that the Court strike Exhibit B to the government's brief, the "Declaration" of Naoki Watanabe (Doc. 23-2 in No. 20-mj-1069; Doc. 22-2 in No. 20-mj-1070) from the record in

these matters.

Dated:  June 17, 2020                              Respectfully submitted,

                                                   By their attorneys,

                                                   */s/  Paul V. Kelly*
                                                   Paul V. Kelly (BBO No. 267010)
                                                   Jackson Lewis, P.C.
                                                   75 Park Plaza
                                                   Boston, MA  02110
                                                   Tel (617) 367-0025
                                                   paul.kelly@jacksonlewis.com


                                                   */s/ Abbe David Lowell (by permission)*
                                                   Abbe David Lowell (*pro hac vice*)
                                                   Christopher D. Man
                                                   Zachary B. Cohen
                                                   Winston & Strawn LLP
                                                   1901 L Street, N.W.
                                                   Washington, DC 20036
                                                   Tel. (202) 282-5875
                                                   adlowell@winston.com

                                                   *Counsel for Michael and Peter Taylor*

                                                   */s/ Robert Sheketoff*
                                                   Robert Sheketoff (BBO# 457340)
                                                   One McKinley Square
                                                   Boston, MA  02119
                                                   Tel. (617) 367-3449
                                                   sheketoffr@aol.com

                                                   */s/ Daniel Marino (by permission)*
                                                   Daniel Marino (*pro hac vice*)
                                                   dmarino@marinofinley.com
                                                   Tillman J. Finley (*pro hac vice*)
                                                   tfinley@marinofinley.com
                                                   MARINO FINLEY LLP
                                                   800 Connecticut Avenue, N.W.
                                                   Suite 300
                                                   Washington, DC  20006
                                                   Tel:  202.223.8888

*Counsel for Michael L. Taylor*

*/s/James P. Ulwick (by permission)*
James P. Ulwick (*pro hac vice*)
KRAMON & GRAHAM PA
One South Street, Suite 2600
Baltimore, MD 21202
Tel. (410) 752-6030
JUlwick@kg-law.com

*Counsel for Peter M. Taylor*

## CERTIFICATE OF SERVICE

I, Paul V. Kelly, that service of this motion was made on the above date by and through the ECF filing system.

*/s/ Paul V. Kelly*_____
Paul V. Kelly

4815-9080-8768, v. 1