UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF )<br>THE EXTRADITION OF )<br>MICHAEL L. TAYLOR )<br>)<br>) | Case No. 20-mj-1069-DLC |
| IN THE MATTER OF )<br>THE EXTRADITION OF )<br>PETER M. TAYLOR ) | Case No. 20-mj-1070-DLC |

# GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE DECLARATION OF NAOKI WATANABE

The United States, through Assistant United States Attorney Stephen W. Hassink, opposes the Motion (Docket No. 25) filed by Michael Taylor and Peter Taylor to strike the Declaration of Public Prosecutor Naoki Watanabe, Tokyo District Public Prosecutors Office ("Watanabe Declaration"), which the government submitted as Exhibit B to its Opposition To Motion To Quash Arrest Warrants Or For Release From Detention ("Opposition," Docket No. 23).[1]

## ARGUMENT

Japan, through the Watanabe Declaration, has confirmed that the Taylors' efforts to quash the arrest warrants that this Court properly issued are premised on a flawed interpretation of Japanese law and a mischaracterization of the facts. *See* Opposition at 32-38. Contrary to the Taylors' claims, the Watanabe Declaration was properly submitted to rebut their arguments that were prematurely brought at this provisional arrest stage of the proceedings. The Motion to Strike is meritless, as plainly evidenced by the fact that it cites no extradition cases, and should be denied.

The Supreme Court has held that in extradition proceedings "unsworn statements of absent witnesses may be acted upon by the committing magistrate." *Collins v. Loisel*, 259 U.S. 309, 317 (1922). The Federal Rules of Evidence also explicitly state that they are not applicable to extradition proceedings. *See* Fed. R. Evid. 1101(d)(3) ("These rules—except for those on privilege—do not apply to . . . miscellaneous proceedings such as extradition or rendition."); *United States v. Kin-Hong*, 110 F.3d 103, 120 (1st Cir. 1997) (the evidence at the extradition hearing "may consist of hearsay, even entirely of hearsay"). Accordingly, courts routinely rely on submissions by the country seeking extradition that are not sworn. *See, e.g., Afanasjev v. Hurlburt*, 418 F.3d 1159, 1164-65 (11th Cir. 2005) (upholding

---

[1] All citations to the record in this Opposition to Motion to Strike refer to the docket entries as they appear in case number 4:20-mj-1070. All pin cites to documents in the record refer to the ECF pagination.

1

probable cause determination based on an unsworn bill of indictment prepared by a Lithuanian investigator and noting "[f]ederal law does not require all documents submitted for extradition purposes to be made under oath"); *In re Extradition of Czerech*, Case No. 19-mj-6763, 2020 WL 603998, at *5 n.10 (D.N.J. Feb. 6, 2020) (rejecting claim that unsworn summary of facts and evidence attached by foreign prosecutor could not support probable cause determination); *In re Extradition of Jean*, Case No. 13–mj-3588, 2013 WL 4502102, at *4 n.11 (D.N.J. Aug. 22, 2013) (rejecting challenge to police detective's unsworn summary of facts); *In re Extradition of Sainez*, Case No. 07–mj–177, 2008 WL 366135, at *15 (S.D. Cal. Feb. 8, 2008) ("The Court may properly consider all of the above evidence in its probable cause determination, whether sworn or unsworn").

As the First Circuit has stated, "[t]he special and limited nature of extradition hearings is manifested in a more lenient standard for admissibility of evidence." *Kin-Hong*, 110 F.3d at 120. The overarching theme is that "[u]nique rules of wide latitude . . . govern reception of evidence in Section 3184 hearings." *Sayne v. Shipley*, 418 F.2d 679, 685 (5th Cir. 1969) (internal quotation marks and citation omitted); *see also, e.g.*, *In re Extradition of Kyung Joon Kim*, No. 04-cv-3886, 2005 WL 6399831, at *12 (C.D. Cal. Oct. 20, 2005) ("Neither statute nor the Extradition Treaty precludes the extradition magistrate from receiving and considering evidence submitted by the government outside the formal certification process."); *Lo Duca v. United States*, No. 95-cv-713, 1995 WL 428636, at *12 (E.D.N.Y. July 7, 1995) (collecting cases evidencing "the flexibility with which extradition proceedings are conducted"); *Matter of Extradition of Artukovic*, 628 F. Supp. 1370, 1376 (C.D. Cal. 1986) ("While § 3190 makes evidence certified as admissible in the tribunals of the requesting country admissible in our

courts, it is not true that the Government may introduce evidence *only* by way of such certification.") (emphasis in original).[2]

Because a foreign country's submissions in the extradition context are not required to be sworn, it necessarily follows that there is no need for a foreign country to rely in this setting on the procedures set forth under 28 U.S.C. § 1746, which serves as a substitute for sworn affidavits. *See, e.g., Carter v. Clark*, 616 F.2d 228, 230 (5th Cir. 1980) ("Section 1746 of Title 28, United States Code, was passed in 1976 for the purpose of permitting 'the use in Federal proceedings of unsworn declarations given under penalty of perjury in lieu of affidavits.'") (quoting H.R. Rep. No. 94-1616, 94th Cong., 2d Sess. 1, reprinted in (1976) U.S. Code Cong. & Admin. News, pp. 5644, 5644). The Taylors have not cited a single extradition case in support of their Motion to Strike, and the government is unaware of any extradition court striking a foreign country's submission based on 28 U.S.C. § 1746.

Here, it would be particularly inappropriate to require that Japan comply with federal evidentiary rules given the fact that this matter is at the provisional arrest stage. Pursuant to Article IX of the extradition treaty between the United States and Japan (the "Treaty"),[3] Japan has 45 days from the Taylors' arrests to submit its formal extradition request and its supporting evidence. In advance of that Treaty deadline, Japan will submit through diplomatic channels its formal extradition request in a manner that complies with 18 U.S.C. § 3190 and therefore "shall be received and admitted as evidence" at the extradition hearing. *See* 18 U.S.C. § 3190. The fact that Japan has voluntarily

---

[2] By contrast, a fugitive's ability to submit evidence at an extradition hearing is limited to that which is explanatory rather than contradictory. *See, e.g., Koskotas v. Roche*, 931 F.2d 169, 175 (1st Cir. 1991).

[3] *See* Treaty on Extradition Between the United States of America and Japan, U.S.-Japan, Mar. 26, 1980, 31 U.S.T. 892. A copy of the Treaty was attached as Exhibit A to the government's Opposition. *See* Docket No. 23-1.

previewed components of its formal extradition request in order to respond to premature claims does not trigger the applicability of 28 U.S.C. § 1746 or shorten the timeframe for Japan to submit its certified requests through diplomatic channels.  Instead, the Taylors' Motion simply underscores the premature nature of their claims.

It also bears noting that while the Taylors seek to rely on an inapplicable statute to strike the Watanabe Declaration, large swaths of their own motion to quash the arrest warrants contain hearsay and lack foundation *(see, e.g.*, Docket No. 17 at 31-39), and many their exhibits have not been properly authenticated or would otherwise be inadmissible if the Federal Rules of Evidence applied *(see, e.g.*, Docket Nos. 17-3; 17-4; 17-10).

For the foregoing reasons, the Taylors' Motion should be denied.  However, if the Court is inclined to grant the Motion, the government respectfully requests leave from the Court to resubmit the Watanabe Declaration in certified form.

## CONCLUSION

For the foregoing reasons, the Taylors' Motion should be denied or, alternatively, the government should be permitted to resubmit the Watanabe Declaration in certified form.

Date: June 18, 2020

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: /s/ *Stephen W. Hassink*
STEPHEN W. HASSINK
Assistant United States Attorney

/s/ *Philip A. Mirrer-Singer*
Philip A. Mirrer-Singer
Trial Attorney

4

## CERTIFICATE OF SERVICE

    I, Stephen W. Hassink, Assistant U.S. Attorney, do hereby certify that on June 18, 2020, I served a copy of the foregoing on all registered parties by electronic filing on ECF.

*/s/ Stephen W. Hassink*
Stephen W. Hassink
Assistant U.S. Attorney