# EXHIBIT S

U.S. Department of State

## CERTIFICATE TO BE ATTACHED TO DOCUMENTARY EVIDENCE ACCOMPANYING REQUISITIONS IN THE UNITED STATES FOR EXTRADITION
### AMERICAN FOREIGN SERVICE

| | |
|---|---|
| Place: Tokyo, Japan | Date (mm-dd-yyyy): 07-21-2020 |

Name: Karin M. Lang

Title: Minister-Counselor for Consular Affairs and Consul General

of the United States of America at Tokyo, Japan

hereby certify that the annexed papers, being supporting documents

purporting to be used upon an application for the extradition from the United States of America of Michael L. Taylor and Peter Maxwell Taylor

charged with the crime of Enabling the escape of criminals

alleged to have been committed in Japan

are properly and legally authenticated so as to entitle them to be received in evidence for similar purposes by the tribunals of Japan

as required by Title 18, United States Code, Section 3190.

In witness whereof I hereunto sign my name and cause my seal of office to be affixed

this twenty-first day of July, 2020
Month and Year

Signature

Karin M. Lang, Minister-Counselor for Consular Affairs and Consul General

Type Name and Title of Certifying Officer of the United States of America.

DS-00?
05-201?

# CERTIFICATION

I, SEKI Yoshitaka, Director of the International Affairs Division, Criminal Affairs Bureau, Ministry of Justice of Japan, hereby certificate that attached each document is the original or certified copy to the appropriate Legal Authorities in the United States of America made by the officer of the Government.

All the documents submitted herein are duly certified and authenticated together with certified translations in English.

July 21, 2020

関 善貴

SEKI Yoshitaka (Mr.)
Director
International Affairs Division
Criminal Affairs Bureau
Ministry of Justice
Japan

## CERTIFICATE OF TRANSLATION

I, KITAJIMA Ryozo, certify that I am competent to translate this document, and that the translation is true and accurate, to the best of my ability.

Executed on July 21, 2020

*[signature]*

KITAJIMA Ryozo
Public Prosecutor
Special Investigation Department
Tokyo District Public Prosecutors Office

I, SEKI Yoshitaka, certify that the said officer has sufficient ability to translate this document.

Executed on July 21, 2020

*[signature]*

SEKI Yoshitaka
Director of International Affairs Division
Criminal Affairs Bureau
Ministry of Justice

Supplemental Declaration

1. I write this declaration to supplement my prior declarations. This declaration incorporates, by reference, the information included in those declarations. The facts stated in this supplemental declaration are true to the best of my knowledge and belief.

2. Under Japanese law, an arrest warrant and a request thereof must contain, among other information, the name of the suspect, the charged offense, and an outline of the alleged facts of the offense, but it does not require that the applicable penal article be identified. (Article 200 I of the Code of Criminal Procedure and Article 142 I of the Rules of Criminal Procedure). An arrest warrant may be prepared by appending the written request for said arrest warrant (Article 145 of the Rules of Criminal Procedure). The term "charged offense" in this context means the name of a crime applicable to a case which is the subject of criminal investigation, and is the information, in combination with an outline of the alleged facts of the crime, for identifying the case which is the subject of criminal investigation.

3. As I mentioned in my previous declarations, it is regular practice in Japan to include in arrest warrant requests the name of the Penal Code offense, but not the corresponding article of the Penal Code that applies. Such practice is also explained in *"Reijyojimu (saiteiban)"*, a textbook of warrant practices supervised by The Training and Research Institute for Court Officials in Japan, the institution in charge of training of court officials including court clerks. The pages 6 to 7 of the book state, "it does not require that the applicable penal article be identified. However, when it comes to violations of Acts other than the Penal Code, it is desirable to clarify the applicable statute

1

by describing as *violation of the XX Act, Article XX,* because simply describing as *violation of XX Act* is not clear enough as the name of the offense which should be the name of each specific offense." (emphasis added)

4. An arrest warrant authorizes a public prosecutor, public prosecutor's assistant officer or judicial police official to arrest the suspect for the offense identified in the arrest warrant (Article 199 I of the Code of Criminal Procedure).

5. Consistent with these laws and rules, the two arrest warrants were issued by the judge respectively for Michael L. Taylor and Peter Maxwell Taylor for the offenses identified in the arrest warrants: enabling the escape of criminals under Article 103 of the Penal Code and accessoryship of violation of the Immigration Control and Refugee Recognition Act (Article 71, Article 25 II).

6. In cases involving international fugitives, it is essential to arrest the fugitive in Japan for the purpose of securing his/her appearance at trial in order to conduct criminal trial against him/her in Japan. Thus, following the issuance of an arrest warrant in Japan, only after the fugitive is arrested on the arrest warrant, a Japanese public prosecutor will prosecute the fugitive by submitting a document called "起訴状" ("ki-so-jo") which contains the name of the accused, the charged facts, and the charged offense with applicable statutes (Articles 247 and 256 of the Code of Criminal Procedure). This document has not been submitted yet because neither Michael L. Taylor nor Peter Maxwell Taylor has been arrested in Japan yet.

7. The acts of Michael L. Taylor and Peter Maxwell Taylor constitute "enable the escape" of Ghosn by impeding his arrest or detention by government officials. When "the accused has fled or there is probable cause to suspect that the accused may flee", "[t]he court may... make a ruling to rescind

2

the bail" and the accused may be apprehended (Article 96 I (ii) of the Code of Criminal Procedure[1]). Therefore, if Ghosn had not concealed himself and tried to openly depart Japan from an airport in the regular manner, e.g., by purchasing an airplane ticket with his own name, visiting an airport, and using the ticket and his passport, he would have been certainly noticed at the immigration inspection and his bail would have been rescinded. However, Michael L. Taylor and Peter Maxwell Taylor enabled Ghosn to avoid detection by government officials, to avoid the rescission of bail and arrest, and to avoid the criminal prosecution by the series of acts described in the extradition requests.

8. The Memorandum in support of petitioners' motion for preliminary injunction dated on July 16, 2020 notes that Article 103 was not mentioned in the investigation reports included in the extradition requests. This is only because the investigation was initiated in response to Ghosn's illegal departure. The fact that the scope of the investigation conducted by the Tokyo District Public Prosecutors Office covered the suspected "enabling the escape of criminals" under Article 103 committed by Michael L. Taylor and Peter Maxwell Taylor is evidenced by the charged offenses in the arrest warrants dated the January 30, 2020 and February 28, 2020 for Michael L.

---

[1] Article 96 I  The court may, upon the request of a public prosecutor or ex officio, make a ruling to rescind the bail or suspension of the execution of detention when:
(i) the accused has been summoned but does not appear without a justifiable reason;
(ii) the accused has fled or there is probable cause to suspect that the accused may flee;
(iii) the accused has concealed or destroyed evidence or there is probable cause to suspect that the accused may conceal or destroy evidence;
(iv) the accused has harmed or tried to harm the body or property of the victim, any other person who is deemed to have knowledge essential to the trial of the case or the relatives of such persons or has threatened them; or
(v) the accused has violated the conditions set by the court such as restrictions on the place of residence.

Taylor and Peter Maxwell Taylor and all of the information submitted in the extradition requests including video surveillance camera images, witness statements, and other documents.

9. Annex 3 of the February 28, 2020 arrest warrant requests for Michael L. Taylor and Peter Maxwell Taylor uses both "隠避" ("in-pi" or "enable the escape") and "逃走" ("toso", or "escape")[2]. The meaning of "逃走" ("toso") is determined by the context in which it is used. When used in Articles 97[3] and 98[4] and used to describe "another person who has ... escaped from confinement" in Article 103, it is limited by putting the condition of a certain type of confinement set forth by each article. Outside that context, e.g., in cases where the defendant enables the escape of "another person who has ... committed a crime", like in this case, it is not limited in the same way. In Annex 3 of the February 28, 2020 arrest warrant requests for Michael L. Taylor and Peter Maxwell Taylor, "逃走" ("toso") used in the phrase "逃走に便宜を与え" ("toso-ni-bengi-wo-atae") ("assisting [Ghosn's] escape") means Ghosn's fleeing from the Japan's administration of criminal justice; more specifically, to avoid detection by government officials, to avoid the rescission of bail and arrest, and to avoid the criminal prosecution. The usage of "逃走に便宜を与え" ("toso-ni-bengi-wo-atae") ("assisting escape") is found in other cases involving the offense of enabling the escape of criminals under Article 103 of the Penal Code. For example, in one case, the defendant provided cash and SIM cards to the suspect, who was "another person who has ... committed a crime" of intimidation and was not under confinement or fleeing from the scene of a

---

[2] The analysis in this paragraph also applies to the January 30, 2020 arrest warrant requests for Michael L. Taylor and Peter Maxwell Taylor.
[3] "When a sentenced or unsentenced person confined on a judge's order <u>escapes</u>" (*emphasis added*)
[4] "When a person who is provided for in the preceding Article or held under a subpoena escapes either by damaging the facilities or instruments of restraint for confinement, by committing an act of assault or intimidation, or together in agreement with another person <u>escapes</u>" (*emphasis added*)

4

crime to evade police apprehension, and for whom an arrest warrant had not been issued yet. The court found that the defendant's acts of "assisting escape" ("逃走に便宜を与え", pronounced "toso-ni-bengi-wo-atae") constituted an offense of enabling the escape of criminals under Article 103 of the Penal Code (Judgment of Nagoya District Court, October 15, 2013, Hanreihisho L06850550).

July 21, 2020

Tokyo District Public Prosecutors Office
Public Prosecutor

渡部 直希

WATANABE Naoki

証　明　文

　私，関善貴，日本国法務省刑事局国際刑事管理官は，アメリカ合衆国の権限ある司法当局に対して，別添文書が日本国政府公務員によって真正に作成された原本又は謄本であることをここに証明します。

　なお，ここに提出する関係書類は，正式に認証された書類に適正な英訳文が添付されたものです。

令和2年7月21日

　　　　　　　日本国法務省刑事局

　　　　　　　国際刑事管理官　　　関　善貴

翻訳証明書

　私，北嶋良蔵は，本文書を翻訳する能力を有しており，私の能力の限りで，本翻訳が真実かつ正確であることを証明します。

２０２０年７月２１日

*[署名：北嶋 良蔵]*

　　　　　　　　　　　　　　　　　　　　　　　　北嶋　良蔵
　　　　　　　　　　　　　　　　　　　　　　　　東京地方検察庁
　　　　　　　　　　　　　　　　　　　　　　　　特別捜査部検察官

　私，関善貴は，前記の者が本文書を翻訳する十分な能力を有することを証明します。

２０２０年７月２１日

*[署名：関 善貴]*

　　　　　　　　　　　　　　　　　　　　　　　　関　善貴
　　　　　　　　　　　　　　　　　　　　　　　　法務省刑事局
　　　　　　　　　　　　　　　　　　　　　　　　国際刑事管理官

再補足説明書

1　本説明書は，本職作成の従前の説明書を補足するものである。本説明書は，これらの説明書に含まれる情報を参照して援用するものである。本説明書に記載した事実は，本職が把握し，真実と信じるものに忠実に沿ったものである。

2　日本法において，逮捕状及び逮捕状請求書には，被疑者の氏名，罪名，被疑事実の要旨等の事項を記載することが求められているが，罰条は記載要件となっていない（刑事訴訟法第２００条第１項，刑事訴訟規則第１４２条第１項）。逮捕状は，逮捕状請求書及びその記載を利用してこれを作ることができる（刑事訴訟法規則第１４５条）。この文脈における「罪名」は，被疑事実の要旨と相まって捜査対象の事件を特定するためのものであり，捜査対象の事件に適用される犯罪の名称を意味する。

3　本職作成の説明書において述べたとおり，日本の実務上，逮捕状請求書には，刑法犯の罪名を記載し，適用される刑法の特定の条項は記載しないことが通常である。かかる運用については，裁判所書記官等の裁判所職員の研修を担当する機関である裁判所職員総合研修所が監修する『令状事務（再訂版）』にも記載されている。同６～７頁には，「罰条は記載要件とはなっていない。しかし特別法犯の場合，単に何々法違反と記載しただけでは，個別的構成要件の名称である罪名として不明確であるので，何々法何条違反と明記してこれを明確にする措置が望ましい。」との記載がある。

4　逮捕状により，検察官，検察事務官又は司法警察職員は，逮捕状記載の罪について被疑者を逮捕することができる（刑事訴訟法第１９９条第１項）。

5　これらの法律や規則に則り，マイケル・エル・テイラー及びピーター・マクスウェル・テイラーについては，逮捕状記載の罪，すなわち，犯人隠避（刑法第１０３条）及び出入国管理及び難民認定法違反（同法第７１条，第２５条第２項）幇助を対象に，これまで各２通の逮捕状が裁判官により発付されている。

6　日本国外への逃亡犯罪人に関する事案では，日本で裁判を遂行するためには，その後の出廷確保のため，逃亡犯罪人の身柄を日本国内で確保することが必要不可欠であるから，日本国内での逮捕状の発付に引き続き，同逮捕状により逃亡犯罪人が逮捕されて初めて，日本の検察官は，被告人の氏名，公訴事実，罪名及び罰条を記載した起訴状を裁判所に提出して起訴をすることになる（刑事訴訟法第２４７条，第２５６条）。マイケル・エル・テイラー及びピーター・マクスウェル・テイラーはまだ日本国内で逮捕されていないため，起訴状はまだ提出されていない。

7　マイケル・エル・テイラー及びピーター・マクスウェル・テイラーの行為は，ゴーン被告人の官憲による発見・逮捕を免れさせることにより，ゴーン被告人を「隠避させた」に該当する。保釈された被告人が逃亡し又は逃亡すると疑うに足りる相当な理由があるときは，保釈が取り消され，身柄が拘束されることになる（刑事訴訟法第９６条第１項第２号[1]）。仮に，ゴーン被告人が，実名で航空券を購入して空港に赴き，自己のパスポート及び同航空券を用いるなどの通常の方法で，空港から身を隠すことなく，公然と出国しようとしていれば，出国審査の際に確実に発覚し，保釈取消事由に該当するとして保釈が取り消されていたと考えられる。しかしながら，マイケル・エル・テイラー及びピーター・マクスウェル・テイラーは，犯罪人引渡請求書に詳述された一連の行為により，ゴーン被告人につき，官憲による発見を免れること，保釈の取消しや逮捕を免れること，そして，刑事訴追を免れることを可能にしたもの

---

[1] 刑事訴訟法第９６条第１項
　裁判所は，左の各号の一にあたる場合には，検察官の請求により，又は職権で，決定を以て保釈又は勾留の執行停止を取り消すことができる。
　一　被告人が，召喚を受け正当な理由がなく出頭しないとき。
　二　被告人が逃亡し又は逃亡すると疑うに足りる相当な理由があるとき。
　三　被告人が罪証を隠滅すると疑うに足りる相当な理由があるとき。
　四　被告人が，被害者その他事件の審判に必要な知識を有すると認められる者若しくはその親族の身体若しくは財産に害を加え若しくは加えようとし，又はこれらの者を畏怖させる行為をしたとき。
　五　被告人が住居の制限その他裁判所の定めた条件に違反したとき。

である。

8　２０２０年７月１６日付け申立書は，犯罪人引渡請求書に添付された書類に関し，刑法第１０３条への言及がないと指摘するが，これは，当初，ゴーン被告人の不法出国の罪に関して捜査を始めたことによる。東京地検がマイケル・エル・テイラー及びピーター・マクスウェル・テイラーによる刑法第１０３条の犯人隠避の被疑事実も捜査の対象にしていたことは，マイケル・エル・テイラー及びピーター・マクスウェル・テイラーに対する２０２０年１月３０日付け及び同年２月２８日付け各逮捕状に記載の罪名や，防犯ビデオ画像，参考人の供述調書その他の書面を含めた犯罪人引渡請求書記載の情報により明らかである。

9　マイケル・エル・テイラー及びピーター・マクスウェル・テイラーに対する２０２０年２月２８日付け逮捕状請求書別添３では，「隠避」（enable the escape）及び逃走（escape）を使用している[2]。逃走の意味は，それが使用される文脈により判断される。刑法第９７条[3]，第９８条[4]で用いられ，また，刑法第１０３条における「拘禁中に逃走した者」を表すために用いられる場合，それぞれの条文に規定された一定の拘禁という条件を付することにより限定される。その文脈を離れ，本件と同様に被告人が「罪を犯した者」を隠避（enables the escape）させた場合については，同様の限定はない。マイケル・エル・テイラー及びピーター・マクスウェル・テイラーに対する２０２０年２月２８日付け逮捕状請求書別添３では，「逃走に便宜を与え（assisting [Ghosn's] escape）」における「逃走」は，我が国の刑事司法作用から逃れることを意味し，より具体的には，ゴーン被告人につき，官憲による発見を免れること，保釈の取消しや逮捕を免れること，そして，刑事訴追を免れることを

---

[2] この段落での議論は，マイケル・エル・テイラー及びピーター・マクスウェル・テイラーに対する２０２０年１月３０日付け逮捕状請求書にも当てはまる。
[3] 「拘禁された既決又は未決の者が逃走したとき」
[4] 「前条に規定する者又は勾引状の執行を受けた者が拘禁場若しくは拘束のために器具を損壊し，暴行若しくは脅迫をし，又は二人以上通謀して，逃走したとき」

意味するものである。「逃走に便宜を与え（assisting escape）」の用法は，刑法第１０３条の犯人隠避罪に関する他の事案でも見られるところであり，例えば，脅迫の罪を犯したものの，いまだ拘禁されておらず，犯行現場から逃亡してもおらず，かつ，逮捕状が発付されてもいなかった者に対し，逃走に必要な現金やシムカードを供与して逃走（escape）に便宜を与えた行為が刑法第１０３条の犯人隠避罪を構成すると判示した事案がある（名古屋地判平成２５・１０・１５判例秘書Ｌ０６８５０５５０）。

２０２０年７月２１日

　　　　　　　　　東京地方検察庁
　　　　　　　　　　検察官検事

　　　　　　　　　　　　　渡部直希